UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   APR 02 2014   ★

YAAKOV Z. PERLOW on behalf of himself and
all other similarly situated consumers

LONG ISLAND OFFICE

                   Plaintiff,

      -against-

ARS NATIONAL SERVICES, INC.

                 Defendant.

# CV   14   2100

IRIZARRY, J.

**CLASS ACTION COMPLAINT**   **SCANLON, M.J.**

*Introduction*

1.    Plaintiff Yaakov Z. Perlow seeks redress for the illegal practices of ARS National Services, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

*Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5.    Upon information and belief, Defendant's principal place of business is located within Escondido, California.

6.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Yaakov Z. Perlow

10.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.    On or about April 5, 2013 and April 26, 2013, Defendant sent the Plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

12.    Particularly on April 5, 2013, the Defendant sent the Plaintiff two different collection letters, one presenting three different settlement offers, each with a time deadline, while the other letter presented a single offer of $950.00 and then stated: "provided your payment reaches this office by 04/15/2013."

13.    The said two April 5, 2013 letters, which were mailed out on the same date are deceptive, in that the least sophisticated consumer would be utterly confused as to which letters' settlement offers are pertinent and standing, and which ones are not.

14.    The April 5, 2013 letters respectively provided conflicting settlement offers.

15.    Defendant's April 5, 2013 collection letters are deceptive and harassing, and are in

violation of 15 U.S.C. §§ 1692d, 1692e and 1692e(10).

16.   The said April 26, 2013 letter also represented a settlement offer of $750.00 and then proceeded to state: "provided your payment reaches this office by 05/10/2013."

17.   Defendant stated the above language in all three letters dated April 5, 2013 and April 26, 2013, in order to create a sense of urgency in Plaintiff and make him think that he was under a non-existent deadline.

18.   Defendant's all three letters are misleading and deceptive in that its statements: "provided your payment reaches this office by 04/15/2013," and "provided your payment reaches this office by 05/10/2013," among other such statements, imply a time deadline.

19.   Upon information and belief, there was no time deadline; rather, Defendant made these statements solely to create a false sense of urgency by the Plaintiff.

20.   In addition, the fact that a letter dated April 26, 2013 was sent to the Plaintiff, subsequent to the letters sent on April 5, 2013, with a noticeably lower settlement offer amount, in itself proves that the time deadlines to pay the settlement offer was illusory and arbitrary.

21.   At all times herein, Defendant's written communications to Plaintiff were false, deceptive, and misleading.

22.   Defendant violated 15 U.S.C. § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt.

23.   Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

24.     Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

25.     Section 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."

26.     Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

27.     In the context of settlement letters, many courts have held that settlement letters can be a positive for both debt collectors and consumers. Nevertheless, in keeping with the statutory requirements, collection agencies may not be deceitful in the presentation of the settlement offer.[1]  In *Goswami*, the Fifth Circuit was presented with a letter from the defendant that stated that it could offer the plaintiff a 30% discount as long as it

---

[1] Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 299 (3d Cir. 2008) citing Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir.2004)).

responded within the next 30 days, even though the defendant had authority to offer the discount for longer than the 30 days. Id. In reversing the district court's grant of summary judgment in favor of the defendant, the Fifth Circuit held that:

> While we agree it is important to permit collection agencies to offer settlement, that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a non- deceitful manner. A collection agency may offer a settlement; however, it may not be deceitful in the presentation of that settlement offer, as [defendant] was in this case...[The defendant's] deception is actionable under the FDCPA and is not excused because it is part of a debt collector's settlement offer.

Id. at 495-95. Referring to the actual letter at issue in *Goswami*, the court determined that for the following reasons, the defendant's letter was a violation of the FDCPA:

> The statement in the collection letter is untrue and makes it appear that [the original creditor's] offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days. The obvious purpose of the statement was to push [the plaintiff] to make a rapid payment to take advantage of the purported limited time offer.

28. Defendant's use of an illusory and arbitrary deadline was meant to deceive the Plaintiff to make a prompt payment.

29. Defendant claimed that its settlement offer in the said letters was strictly contingent upon payment being received in the amount stated above by the due date stated, but upon information and belief, Defendant's time deadline is artificial. The Defendant intended to give the false impression that if the consumer does not pay the settlement offer by the deadline, then the consumer will have no further chance to settle their debt for less than the full amount.

30. Upon information and belief, the original creditor did not put any limitations on the time

-5-

within which Plaintiff could accept an offer.

See. DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19-20 (E.D. Pa. Sept. 27, 2012) (Stating "while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all. Therefore, whether the least sophisticated consumer would perceive the [collection] letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.)

31.     The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer."[2]

32.     Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.[3] A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount.

See. DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012) (The court stated "In *Evory* … [T]he Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an unsophisticated consumer would not be misled because "even the unsophisticated

---

[2] Campuzano, 550 F.3d at 299 (quoting Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir. 2004)).
[3] Dupuy v. Weltman, Weinberg & Reis Co., 442 F.Supp.2d 822, 828 (N.D.Cal. 2006); [19] see also Goswami, 377 F.3d at 496.

consumer will realize that there is a renewal possibility but that it is not assured... The safe harbor language in *Evory* did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e" The court noted "Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations. Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.")

33. Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or unconscionable. However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector. Reed v. Pinnacle Credit Services, LLC, 2009 WL 2461852 (E.D. Pa. Aug. 11, 2009.) ("The list of § 1692f violations found in the subsections are non-exhaustive") (Internal citations and quotations omitted).

34. A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

35. The clear intention of the said letters is to pressure the Plaintiff to come up with money before the illusory misleading deadline runs out.

36. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of

letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letters to the Plaintiff.

37.    The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

38.    The said letters are standardized form letters.

39.    Defendant's April 5, 2013 and April 26, 2013 letters are in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

40.    The said April 5, 2013 letters also concluded by stating: "Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance."

41.    Said letters are contradictory and outrageous, as the initial paragraphs of the letters lead the debtor to assume that once the agreed settlement has been paid in full, the account would be considered settled; while a succeeding paragraph in the letters seems to suggest that if the debtor is to make a mistake and pay more than the settlement amount agreed upon, the excess monies would go towards the amount already forgiven in the settlement.

42.    The Defendant's said statements constitute a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

43.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty two (42) as if set forth fully in this cause of action.

44.     This cause of action is brought on behalf of Plaintiff and the members of a class and a subclass.

45.     The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letters sent to the Plaintiff on or about April 5, 2013 and April 26, 2013; and (a) the collection letters were sent to a consumer seeking payment of a personal debt purportedly owed to Chase Bank U.S.A., N.A.; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692d, 1692e 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

46.     The subclass consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about April 5, 2013, sent within one year prior to the date of the within complaint; (a) the collection letters were sent to a consumer seeking payment of a consumer debt purportedly owed to Chase Bank U.S.A., N.A.; and (b) the collection letters were not returned by the postal service as undelivered; (c) that the Defendant made deceptive and misleading representation in said letters, in violation of 15 U.S.C. §§ 1692e, and 1692e(10).

47.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

48. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

49.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

50.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

51.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

52.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 31, 2014

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

-12-

Department # 5996
P.O. Box 1259
Oaks, PA 19456



**ARS National Services, Inc.**
P.O. Box 463023
Escondido, CA 92046-3023
(866) 888-9096 FAX: (866) 422-0765
**www.PayARS.com**

April 5, 2013

New York City License: 1020790

Y Z PERLOW                                    15080 - 1142
1818 58TH ST
BROOKLYN NY 11204-2027

**ACCOUNT IDENTIFICATION**
Re: Chase Bank U.S.A., N.A.
Account: ***********7698
ARS Acct No: 26657100
Balance: $2097.30

Dear Sir/Madam

To resolve your delinquent account, please choose one of the following options:

1. SETTLE YOUR ACCOUNT AT <u>50%</u> OF THE ABOVE BALANCE IN ONE PAYMENT:
   Payment Due:    $1048.65 due on or before 04-25-2013.

2. SETTLE YOUR ACCOUNT AT <u>55%</u> OF THE ABOVE BALANCE IN TWO INSTALLMENTS:
   Payment One:    $576.76 due on or before 04-25-2013.
   Payment Two:    $576.76 due on or before 05-25-2013.

3. SETTLE YOUR ACCOUNT AT <u>60%</u> OF THE ABOVE BALANCE IN THREE INSTALLMENTS:
   Payment One:    $419.46 due on or before 04-25-2013.
   Payment Two:    $419.46 due on or before 05-25-2013.
   Payment Three:  $419.46 due on or before 06-24-2013.

Contact your account representative at (866) 888-9096 for details. Office hours are Monday through Friday, 6:30 a.m. -
8:00 p.m (Pacific Time). After receipt of your final payment, Chase Bank U.S.A., N.A. will notify a national credit
bureau (Experian, Equifax and/or TransUnion) that you have resolved your account. Chase Bank USA, NA is required by
the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form
1099C. If Chase Bank USA, NA is required to notify the IRS, you will receive a copy of the form 1099C that is filed with
the IRS.

Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding
balance.

Sincerely,

KAB
Account Representative

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT
A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Department #35902 
P.O. Box 1259
Oaks, PA 19456

ARS National Services, Inc.
P.O. Box 463023
Escondido, CA 92046-3023
(866) 888-9096  FAX: (866) 422-0765
**www.PayARS.com**

April 5, 2013

New York City License: 1020790

|||u||||r||u||||u||||r||u|||||||u||||u||||u||||u||||u|||||||||u|||  15079 - 1353
Y Z PERLOW
1818 58TH ST
BROOKLYN NY 11204-2027

**ACCOUNT IDENTIFICATION**
Re: Chase Bank U.S.A., N.A.
Account: ************7698
ARS Acct No: 26657100
Balance: $2097.30

Dear Sir/Madam

This letter confirms that ARS is duly authorized to accept $950.00 in settlement of the above-referenced account provided your payment reaches this office by 04/15/2013.

After receipt of your final payment, Chase Bank U.S.A., N.A. will notify a national credit bureau (Experian, Equifax and/or TransUnion) that you have resolved your account. Chase Bank USA, NA is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C. If Chase Bank USA, NA is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS.

Your payment must reach this office by the due date or this offer will become null and void. To ensure your funds are received by the due date, ARS offers "Quick Check" by phone, Western Union "Quick Collect" (Code City: ARS 26657100), and Moneygram "Express Payment" (Receive Code: 3973). If your bank fails to honor your check, this offer will become null and void.

Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance.

If you have any questions, please contact your account representative at (866) 888-9096. Our office hours are Monday through Friday, 6:30 a.m. - 8:00 p.m (Pacific Time).

Sincerely,

KAB
Account Representative
**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

-------Detach And Return With Payment-------

BOHSIF1 - 26657100
Account:  ************7698

Amount Enclosed: $_____

Enclosing this coupon with your payment will expedite credit to your account.

Make your check or money order payable to:

ARS
PO BOX 469048
ESCONDIDO, CA 92046-9048
||||u||||||u||||||||||||||u||||||||||||

Print address/phone changes below
or call (866) 888-9096.

_____
HOME:(___)_____
WORK:(___)_____

**NOTICE OF ELECTRONIC CHECK PROCESSING:**
We reserve the right to process checks electronically by transmitting the routing, account, and check number to the bank. By submitting a check, you authorize us to initiate an electronic debit from your account. A returned check may be collected electronically if it is returned for insufficient funds.

BOHSIF1

15079 - 1353

Department # 5996
P.O. Box 1259
Oaks, PA 19456



**ARS National Services, Inc.**
P.O. Box 463023
Escondido, CA 92046-3023
(866) 888-9096 FAX: (866) 422-0765
**www.PayARS.com**

April 26, 2013

New York City License: 1020790

Y Z PERLOW                                    15079 - 808
1818 58TH ST
BROOKLYN NY 11204-2027

**ACCOUNT IDENTIFICATION**
Re: Chase Bank U.S.A., N.A.
Account: ***********7698
ARS Acct No: 26657100
Balance: $2097.30

Dear Sir/Madam

This letter confirms that ARS is duly authorized to accept $750.00 in settlement of the above-referenced account provided your payment reaches this office by 05/10/2013.

After receipt of your final payment, Chase Bank U.S.A., N.A. will notify a national credit bureau (Experian, Equifax and/or TransUnion) that you have resolved your account. Chase Bank USA, NA is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C. If Chase Bank USA, NA is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS.

Your payment must reach this office by the due date or this offer will become null and void. To ensure your funds are received by the due date, ARS offers "Quick Check" by phone, Western Union "Quick Collect" (Code City: ARS 26657100), and Moneygram "Express Payment" (Receive Code: 3973). If your bank fails to honor your check, this offer will become null and void.

If you have any questions, please contact your account representative at (866) 888-9096. Our office hours are Monday through Friday, 6:30 a.m. - 8:00 p.m (Pacific Time).

Sincerely,

KAB
Account Representative

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

------------------------------------------------Detach And Return With Payment------------------------------------------------

BOHSIF1 - 26657100
Account:     ***********7698

Amount Enclosed: $_____

Enclosing this coupon with your payment will
expedite credit to your account.

Make your check or money order payable to:

ARS
PO BOX 469048
ESCONDIDO, CA 92046-9048

Print address/phone changes below
or call (866) 888-9096.

_____
_____
HOME:(___)_____
WORK:(___)_____

**NOTICE OF ELECTRONIC CHECK PROCESSING:**
We reserve the right to process checks electronically by transmitting the routing, account, and check number to the bank. By submitting a check, you authorize us to initiate an electronic debit from your account. A returned check may be collected electronically if it is returned for insufficient funds.

BOHSIF1                                    15079 - 808